IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2007

## THOMAS EARL WILLIAMS v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Shelby County
### No. P-07638      Paula Skahan, Judge

---

### No. W2006-00875-CCA-R3-HC  - Filed September 27, 2007

---

The pro se Petitioner, Thomas Earl Williams, appeals the habeas corpus court's order summarily dismissing his petition, arguing that the dismissal was erroneous for several reasons. Principally, he contends that he is entitled to relief because the sentencing statutes under which he was sentenced in 1974 were later found to be unconstitutional. Following our review, we conclude that his sentences are lawful and have not expired, and that his judgments are not void. Consequently, we affirm the habeas corpus court's order of summary dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Thomas Earl Williams, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Anita Spinetta, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

On July 2, 1973, the Petitioner was sentenced for three counts of first degree burglary and one count of assault with a deadly weapon; he received a five-year sentence for each crime. Subsequently, on May 20, 1974, he received a three-year sentence for assault with intent to murder, as well as three determinate life sentences for one count of robbery armed with a deadly weapon and two counts of murder during the perpetration of a robbery. All of the foregoing sentences were ordered to be served concurrently.

It appears from the record before this Court that the Petitioner was found guilty of these crimes by a jury and that the jury—rather than the trial court—imposed the three determinate life sentences. One of the docket entries in the record contains the following handwritten statement signed by the foreman of the Petitioner's jury: "We [t]he jury find the defendant[,] Thomas Earl Williams[,] guilty of murder in the perpetration of a [r]obbery as charged in the first count of the indictment, and fixes [sic] his punishment at imprisonment for life in the [s]tate [p]enitentiary." Two other docket entries contain substantially identical notations regarding verdicts of guilty for murder and sentencing to life imprisonment. All three offenses for which he received life sentences were committed on June 25, 1972.

On April 5, 1989, he was sentenced to five years for escaping from prison. This sentence was ordered to be served consecutively to the determinate life sentence he received for robbery armed with a deadly weapon.

It does not appear that the Petitioner pursued a direct appeal of or post-conviction relief from these convictions or sentences. He filed a pro se petition for a writ of habeas corpus on October 17, 1989. In this petition, he alleged that he had "completed the terms" of his determinate life sentences but was being held unlawfully for an additional crime (second degree murder) for which he was never "formally indicted, arrested, charged, arrainged [sic], tried, nor sentenced . . . ." This petition was not supported by any documentation and was summarily dismissed on May 17, 1990.

The Petitioner filed a second petition for habeas corpus relief, and although there is no official file stamp date on this petition, the notarization indicates that it was signed by the Petitioner in February of 2006. This petition was supported by a memorandum of law, the three aforementioned docket entries of conviction, and an "Offender Sentence Letter," generated by the Tennessee Offender Management Information Systems (TOMIS) computer program, which details his convictions and sentences.

In his memorandum of law, the Petitioner sets out a number of arguments in support of his claim that he is entitled to habeas corpus relief. Although this Court is unable to comprehend some of these arguments, it appears that his principal contention is that he was sentenced pursuant to a statutory scheme that was later declared unconstitutional and that therefore his sentence is void and illegal.

The State responded that the Petitioner's allegations lacked merit because a life sentence "was and is a valid sentence for murder in the perpetration of a robbery." The Petitioner then entered a written response to the State's response. In this pleading, he contended that the State misquoted the law and that his "determinate life sentence is illegal."

On March 10, 2006, the habeas corpus entered an order finding that the Petitioner had been convicted by a jury of murder in the perpetration of a robbery and that the jury fixed his punishment at imprisonment for life. The habeas corpus court further found that the Petitioner was not eligible

for habeas corpus relief "because his judgment is facially valid and is not void." The habeas corpus court summarily dismissed the petition.

This appeal followed.

## ANALYSIS

On appeal, the Petitioner puts forth five arguments: (1) whether the habeas corpus court abused its discretion in denying the Petitioner relief "from void and illegally imposed judgment to conviction sentences declared unconstitutional [sic]"; (2) "[w]hether state statutory provisions of 1974 Act imposing life imprisonment sentence violated the United States Constitution Sixth Amendment right to a fair and impartial trial by jury deliberation upon sentencing of murder in perpetration of a robbery [sic]"; (3) whether the State's response to his petition "improperly had trial court deny habeas petition for relief of constitutional state statutory provisions of 1974 Act imposing jurors to make a mandatory life imprisonment verdict later declared unconstitutional [sic]"; (4) whether the habeas corpus court erred when it did not appoint counsel to assist the Petitioner in amending his petition; and (5) whether the Petitioner's original "indictment failed to allege an offense required for murder in the perpetration of robbery, that a jury could return a proper verdict and in compliance with Due Process of Law and Equal Protection of Law?"

The determination of whether to grant habeas corpus relief is a question of law this Court reviews de novo. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001), overruled in part by Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees the right to seek habeas corpus relief. See Tenn. Const. art. I, § 15. However, the grounds upon which relief will be granted are narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Relief is warranted only when the judgment of conviction by which a petitioner is being held is shown to be void, rather than merely voidable. Id. A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a petitioner or that a petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

A sentence imposed in direct contravention of a statute is illegal and thus void. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a habeas corpus court to summarily dismiss a petition—without appointment of counsel and without an evidentiary hearing—if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In his first and fourth arguments, the Petitioner apparently contends that the habeas corpus court abused its discretion and erred by failing to appoint counsel who could file an amended petition on his behalf.

Initially, we note that the Petitioner received three determinate life sentences, and although he may be eligible for parole,[1] his sentences will only expire upon his death. Consequently, he is not entitled to habeas corpus relief on the ground that his sentences have expired. Therefore, habeas corpus relief is only warranted in the Petitioner's case if he shows by a preponderance of the evidence that his judgments are void. If it is not apparent from the face of his judgments or the record of the proceedings that they are void, then it was not error for the habeas corpus court to dismiss his petition without appointing counsel. See id.; Wyatt, 24 S.W.3d at 322.

His three concurrent life sentences were imposed by a jury on May 20, 1974. However, the Petitioner was sentenced pursuant to the statutory sentencing scheme enacted by the Tennessee General Assembly in 1919, see 1919 Tenn. Pub. Acts ch. 5, § 1, because this was the sentencing scheme in effect when his crimes were committed in 1972. At that time, murder committed in the perpetration of a robbery was considered murder in the first degree. See Tenn. Code Ann. § 39-2402 (1955) (repealed). Also under the 1919 Act, a jury was directed to determine the sentence for a person convicted of murder in the first degree:

> When any person is convicted of the crime of murder in the first degree, or as an accessory before the fact of such a crime, it shall be the duty of the jury convicting him in their verdict to fix his punishment, which punishment shall be death in the mode prescribed by law for the infliction of the death penalty in capital cases, or the jury may, if they are of the opinion that there are mitigating circumstances, fix the punishment at imprisonment in the penitentiary for life, or for some period over twenty (20) years.

Tenn. Code Ann. § 39-2406 (1955) (repealed).

As stressed by the Petitioner, this statutory sentencing scheme was declared unconstitutional in Miller v. State, 584 S.W.2d 758, 765 (Tenn. 1979). See Taylor v. State, 995 S.W.2d 78, 81–82 (Tenn. 1999) (providing a detailed chronology of the legislative and judicial actions that culminated in our supreme court's decision in Miller). By declaring the 1919 sentencing scheme unconstitutional, Miller "had the effect of reviving the 1915 Act which provided a mandatory sentence of life imprisonment for all persons convicted of first degree murder." Id. at 82. However, the fact that the sentencing statute under which the Petitioner was sentenced was later declared unconstitutional does not render his judgments void:

---

[1] In the Petitioner's response to the State's response to his petition for habeas corpus relief, he noted that he had unsuccessfully appeared before the parole board seven times.

> The 1919 Act was presumptively constitutional until declared unconstitutional by this Court's decision in <u>Miller</u>. While a trial court has no legal authority to impose a sentence that is contrary to governing law, a sentence imposed in accordance with the statute in effect at the time of its imposition is not void merely because the statute is later declared unconstitutional. Such a sentence is instead voidable if timely challenged in a post-conviction proceeding.

<u>Id.</u> at 85–86 (footnotes and citations omitted).

In an effort to fully address this issue, we note that—to the extent that the Petitioner's arguments can be considered a request for post-conviction relief—they are untimely. <u>See id.</u> at 86–87 (explaining that the petitioners in that case, who were similarly situated to the Petitioner in the instant case, had until July 1, 1989, to file a petition for post-conviction relief challenging a voidable judgment).

Accordingly, because the Petitioner's jury-imposed life sentences were lawful when he received them, his judgments of conviction are not facially void, and it was not error for the habeas corpus court to summarily dismiss his petition without appointing counsel.

Secondly, the Petitioner argues that his Fourth, Fifth, Sixth, and Fourteenth Amendment rights guaranteed by the United States Constitution were violated by the "State Statutory Provision of 1974 Act [sic] . . . ." Although this argument is difficult for this Court to follow, he seems to argue that he was sentenced under Tennessee's 1974 sentencing statutes and that his rights were violated because, pursuant to those statutes, he was denied the right to a trial by jury and the effective assistance of counsel.

This argument also lacks merit because it is apparent that the Petitioner was not sentenced under the 1974 Act. Under that provision, a conviction for first degree murder carried a mandatory sentence of death. <u>See</u> Tenn. Code Ann. § 39-2406 (1974 Supp.) (repealed) (stating that, "[w]hen a person is convicted of the crime of murder in the first degree, . . . it shall be the duty of the jury convicting him in their verdict to fix his punishment at death as provided by law"). Because the Petitioner was sentenced under the 1919 Act, his complaints regarding the 1974 Act are misplaced.

Thirdly, the Petitioner takes issue with the State's response to his petition. Specifically, he seems to contend that, because the State referred to his allegations as "unintelligible," it is apparent that the habeas corpus court erred by not appointing counsel. We disagree. Indeed, we agree with the State that some of the Petitioner's claims are unintelligible. However, the fact that the Petitioner's petition lacked clarity was not a sufficient reason for the habeas corpus court to appoint counsel.

Lastly, we note that the Petitioner's fifth argument, regarding the integrity of his indictments, was not presented to the habeas corpus court. As such, this argument is waived and will not be

addressed on appeal. <u>See</u> <u>State v. Turner</u>, 919 S.W.2d 346, 356–57 (Tenn. Crim. App. 1995) (stating that an issue which was neither raised nor litigated in the trial court is waived; party may not raise an issue for the first time in appellate court) (citing <u>Lawrence v. Standford</u>, 655 S.W.2d 927, 929–30 (Tenn. 1983) (other citation omitted).

## **<u>CONCLUSION</u>**

Based on the foregoing authorities and reasoning, we affirm the habeas corpus court's order summarily dismissing the petition.

_____
DAVID H. WELLES, JUDGE